# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-635V
Filed: July 5, 2017

```
* * * * * * * * * * * * *  *
PETER NATHANIEL MULLIKEN,      *   UNPUBLISHED
                               *
              Petitioner,      *
v.                             *
                               *
                               *   Decision on Attorneys' Fees and Costs
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * * * *  *
```

*Peter J. Schuyler, Esq.*, Kitson & Schuyler, LLP, Croton-on-Hudson, NY, for petitioner.
*Lynn E. Ricciardella, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 3, 2013, Petitioner ("Mr. Mulliken," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccination on October 16, 2010. *See* Petition ("Pet."), ECF No. 1. On September 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, ECF No. 64.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 18, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 70. Petitioner requested attorneys' fees in the amount of $70,490.51, and attorneys' costs in the amount of $7,938.72, for a total amount of $78,429.23. *Id*. at 26.

On April, 28, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 71. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

A status conference was held on May 10, 2017. Petitioner's counsel was ordered to provide any documents or receipts that supported the costs incurred in this matter, list the total amount of fees and the total amount of costs as separate items, and file a General Order #9. The undersigned advised petitioner's counsel that their fees and hourly rates would be reduced to the appropriate forum rate as set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Order, issued May 10, 2017, ECF No. 72.

On June 9, 2017, petitioner's counsel filed a "Supplemental Submission Requested by the Court," requesting attorneys' fees in the amount of $70,372.80, and attorneys' costs in the amount of $7,938.72, for a total amount of $78,311.52. Supp. Motion for Fees, ECF No. 74. Counsel also filed a General Order #9, stating that petitioner did not incur any out-of-pocket expenses and that, notwithstanding petitioner's original retainer agreement, counsel waives all claims against petitioner for any fees and costs. *Id*. at 63-65.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of

petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

## II. Discussion

### A. Reasonable Hourly Rate

In general, the hourly rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health and Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Schuyler works in Westchester County, New York, which is adjacent to New York City. Special masters have consistently awarded forum rates to legal professionals practicing in the New York metropolitan area. *See, e.g.*, *Michel v. Sec'y of Health & Human Servs.*, No. 14-781V, 2016 WL 7574478, at *3 (Fed. Cl. Nov. 28, 2016)*; *Paterek v. Sec'y of Health & Human Servs.*, No. 02-411V, 2014 WL 3339503, at *2 (Fed. Cl. June 12, 2014). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides a framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch*, 2015 WL 5634323. The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule.[3]

Mr. Schuyler has been a member of the New York Bar since 1998; thus, the applicable range under *McCulloch* is $300-$375. Although Mr. Schuyler requested $345 per hour, this is Mr. Schuyler's first case in the Vaccine Program, and the lower end of the range is thus appropriate. *See Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017) (awarding hourly rate based in part on "specific experience with the Vaccine Program"); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (considering level of experience in the Vaccine Program in determining appropriate hourly rate). Therefore, the undersigned will award Mr. Schuyler attorneys' fees at a rate of $300 per hour.

Mrs. Schuyler has been a member of the New York Bar since 2000; thus, the applicable range under *McCulloch* is $300-$375. However, Mrs. Schuyler is not admitted to practice in the

---

[3] This fee schedule is posted on the court's website. *See Office of Special Masters: Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

3

Court of Federal Claims.[4] In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the Court of Federal Claims; an attorney who is not eligible to practice in the Vaccine Program cannot recover attorneys' fees. *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). Additionally, review of the billing record indicates that Mrs. Schuyler's work in this case was administrative, secretarial, and/or paralegal in nature. Accordingly, the work performed by Mrs. Schuyler will not be compensated at the applicable rate for attorneys. Instead, the undersigned finds it appropriate to use the range applicable to non-attorney-level work, $125-$175, for the hours in which Mrs. Schuyler performed work in a supportive role. *Cf. O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (explaining that attorney compensation for non-attorney-level work must be comparable to what would be paid for a paralegal or secretary). Because this is Mrs. Schuyler's first case in the Vaccine Program, the lower end of the range is appropriate. Therefore, the undersigned will award Mrs. Schuyler fees at a rate of $125 per hour.

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

A review of petitioner's application[5] reveals that Mr. Schuyler and Mrs. Schuyler charged $345 for all of the work performed in this case, including administrative, paralegal, secretarial, and clerical tasks such as drafting requests for medical records, making phone calls to follow-up

---

[4] The Clerk's Office of the Court of Federal Claims reported to the undersigned that Mrs. Schuyler is not admitted to the Court's Bar.

[5] The following entries are examples and are not exhaustive; they merely provide a sampling.

4

on medical records, and setting up meetings.[6] Additionally, there are instances of duplicative billing,[7] as well as entries of time to learn about the Vaccine Program.[8] As set forth above, Mrs. Schuyler's time will be compensated for only those tasks that were supportive, *i.e.*, paralegal in nature. For these reasons, the undersigned finds that the requested $70,380.00,[9] with the hourly rate modification discussed above, should be further reduced by 10%. Applying the hourly rates determined above, 187 hours at $300 per hour for Mr. Schuyler (or $56,100.00) and 17 hours at $125 per hour for Mrs. Schuyler (or $2,125.00), renders an initial total of $58,225.00, from which a 10% reduction as detailed above will be taken. Accordingly, $52,402.50 is awarded in attorneys' fees.

### C.     Reasonable Costs

Petitioner requested a total of $7,938.72 in attorneys' costs. *See* Supp. Motion for Fees, ECF No. 73. The requested costs consist of expert fees and costs associated with obtaining medical records. *Id*. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $60,341.22**,[10] representing reimbursement for attorneys' fees in the amount of $52,402.50 and costs in the amount of $7,938.72, in the form of a check made payable jointly to petitioner and petitioner's counsel, Peter Schuyler, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

---

[6] *See, e.g.*, Supp. Motion for Fees, ECF No. 73 at 2 ("Conference with records department staff at Hudson Valley Hospital"); *id*. ("Conference with records staff at Westchester Medical Center"); *id*. ("Conference at NY Presbyterian Hospital"); *id*. at 4 ("[S]cheduling appointment for review of medical records"); *id*. at 6 ("[S]cheduling meeting"); *id*. at 12 ("Drafted request for records to NY Otolaryngology Group"); *id*. ("Drafted request for records to NY Presbyterian").

[7] *See, e.g.*, Supp. Motion for Fees, ECF No. 73 at 8, 11, 16 (listing various emails between the Schuylers for case updates).

[8] *See, e.g.*, Supp. Motion for Fees, ECF No. 73 at 10 ("Legal research re vaccine case standards and practice and review of vaccine rules").

[9] The Motion actually requests $70,372.80 in attorneys' fees, but that total is based on a $7.20 mathematical error. Petitioner's counsel advised the Court via email that there was an entry error on page 8 of petitioner's Supplemental Motion for Fees, requesting $333 per hour instead of $345 per hour. *See* Supp. Motion for Fees, ECF No. 73 at 8.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
